### Edward W. Hill v. The City Electric Railway Company.

1. SUBSCRIPTIONS — *Taking Security For*, Does Not Release Subscriber.—Persons desiring the extension of a street car line signed a subscription paper agreeing to pay certain specified sums on condition that the line be extended as desired. The company accepted the subscriptions, but required that they be guaranteed, which was done. The extension was then built. *Held*, that the guaranty was merely collateral, and did not release the subscriptions, which were subject only to the condition implied by law, that the extension be completed in a reasonable time.

Assumpsit, on a subscription. Appeal from the Circuit Court of Macon County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the November term, 1896. Affirmed. Opinion filed February 25, 1887.

LEFORGEE & LEE, attorneys for appellant.

MILLS BROS., attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The appellant signed a subscription by which he promised to pay the appellee one hundred dollars as a bonus for extending and operating its line of railway west on Pugh street, in Decatur, one-half mile in the direction of and near to property owned by appellant.

The subscription paper was signed by a number of other persons, who agreed to pay the amounts set opposite their names, respectively.

The company required that the payment of these subscriptions should be guaranteed, and accordingly a paper was signed by the appellant and sundry other persons agreeing to pay the company $2,500, which was about the aggregate amount of these subscriptions, in case the road should be so extended by the first of the next January.

The extension was not made by that time, and this guaranty being no longer available, another to the same effect was signed by sundry persons, not including appellant, conditioned that the extension should be completed by the first of the next July. It was completed by the date last fixed.

Appellant insists that the making and accepting of these guaranties was in effect a release of the subscriptions and that as the conditions of the first guaranty to complete by January 1st was not complied with, and as he did not sign the second guaranty, he is not liable.

We think these guaranties were merely collateral and did not release the subscriptions, which were absolute and were subject only to the condition implied by law that the extension should be completed within a reasonable time. It is not insisted, nor could it be successfully, that there was such unreasonable delay as should have avoided the subscriptions. The company accepted the subscriptions, only requiring they should be guaranteed, and built the extension as desired by the subscribers.

Having obtained what they desired they ought to pay therefor as they promised.

The judgment will be affirmed.